UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

ANN MARGARET LEGRÃ,

                  **Plaintiff,**             14-cv-9245 (JGK)

      - against -

BOARD OF EDUCATION OF THE CITY      MEMORANDUM OPINION AND
SCHOOL DISTRICT OF THE CITY OF NEW    ORDER
YORK, DAWN BOURSIQUOT, KEVIN
GOODMAN,

                  **Defendants.**
————————————————————————————

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Ann Margaret Legrá, proceeding pro se,
brought this action against the Board of Education of the City
School District of the City of New York (also known as the New
York City Department of Education, or "DOE"), Dawn Boursiquot,
and Kevin Goodman.  In this action, the plaintiff alleges
employment discrimination, retaliation, and harassment under
Title VII of the Civil Rights Act of 1964, the Age
Discrimination in Employment Act ("ADEA"), the Americans with
Disabilities Act ("ADA"), the Equal Pay Act, the New York State
Human Rights Law ("NYSHRL"), and the New York City Human Rights
Law ("NYCHRL").

    The Court has subject matter jurisdiction under 28 U.S.C.
§ 1331 over the federal law claims and supplemental jurisdiction
under 28 U.S.C. § 1367 over the state law claims.  The
defendants move to dismiss the plaintiff's claims under Federal

Rule of Civil Procedure 12(b)(6).  For the reasons explained below, the defendants' motion is granted.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise

the strongest arguments that it suggests." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citation omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." <u>Id.</u>; <u>see also</u> <u>Yajaira Bezares C. v. The Donna Karan Co. Store LLC</u>, No. 13 CIV. 8560 JGK, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

## II.

The plaintiff's allegations are accepted as true for the purposes of this Motion to Dismiss.  The plaintiff is a Hispanic female born in 1970 and alleges that she has a disability based on her asthma.  She alleges that the principal, Dawn Boursiquot, and the assistant principal, Kevin Goodman, created a hostile work environment, "targeted [her] pay" by miscalculating it, failed to accommodate her disability, and harassed her.  The plaintiff alleges that this constituted racial, religious, national origin, age, disability, and gender discrimination.

Compl. at 2-5.[1]  The plaintiff was suspended for forty-five days without pay following a disciplinary hearing.  Compl. at 74.

The plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding the alleged discriminatory conduct on June 16, 2014.  Compl. at 2.  On August 6, 2014, the EEOC issued its Dismissal and Notice of Rights, finding that it was unable to conclude that any of the plaintiff's charges established violation of the statutes.  Id. at 4.  The Dismissal included a notice to the plaintiff of her right to sue.  Id.  The plaintiff commenced this action on November 12, 2014.

III.

The plaintiff alleges that the defendants violated Title VII, the ADEA, the ADA, the Equal Pay Act, and state and local discrimination laws.  All of these claims should be dismissed.

A.

An action alleging an employer's violations of Title VII, ADEA, or the ADA must be commenced within ninety days of the plaintiff's receipt of a right-to-sue letter from the EEOC, if such a letter is issued.  29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); id. § 12117(a)(ADA); Tiberio v.

---

[1] The references to the plaintiff's complaint refer to the ECF numbering.

Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (Title VII and ADA); Francis v. Elmsford Sch. Dist., 442 F.3d 123, 127 (2d Cir. 2006) (ADEA).  Absent substantiated challenges, courts generally presume that a right-to-sue letter from the EEOC is received three days after it is mailed.  See, e.g., Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 & 148 n. 1 (1984) (per curiam); Johnson v. St. Barnabas Nursing Home, 368 F. App'x 246, 248 (2d Cir. 2010) (summary order); Webster v. Potter, 746 F. Supp. 2d 635, 639–40 (S.D.N.Y. 2010); Molnar v. Legal Sea Foods, Inc., 473 F. Supp. 2d 428, 430 (S.D.N.Y. 2007); see also Yajaira Bezares C., 2014 WL 2134600, at *2-3.

"[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (dismissing action filed ninety-seven days after receipt); see Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003) (affirming dismissal of complaint received by pro se office ninety-two days after receipt of right to sue notice); Moscowitz v. Brown, 850 F. Supp. 1185, 1191 (S.D.N.Y. 1994) (dismissing pro se action filed ninety-one days after receipt of notice); see also Jones v. City Sch. Dist. of New Rochelle, 695 F. Supp. 2d 136, 142 (S.D.N.Y. 2010).

In this case, the EEOC mailed the right-to-sue letter on
August 6, 2014.  Compl. at 4.  The plaintiff does not claim that
she did not receive the letter, which is included in her
complaint and contains a clear notice that she must bring suit
within ninety days of receipt of the letter.  Id.  The plaintiff
also does not dispute that she received the letter promptly
after it was mailed.  Thus, it is presumed that the plaintiff
received the letter on August 9, 2014.  The plaintiff commenced
her action ninety-five days later, on November 12, 2014.  See
id. at 1.  Therefore, the plaintiff's Title VII, ADA, and ADEA
claims are barred by the ninety-day statute of limitations.  See
McFarland v. Metro-North Commuter R.R., 993 F. Supp. 210, 211
(S.D.N.Y. 1998) (dismissing pro se plaintiff's discrimination
and retaliation claims because of failure to bring suit within
ninety days after the receipt of the EEOC right-to-sue letter);
see also Yajaira Bezares C., 2014 WL 2134600, at *2-3.
Accordingly, the defendants' motion to dismiss the Title VII,
ADA, and ADEA claims is granted.

In addition, individual defendants may not be held
personally liable for alleged violations of Title VII, the ADA,
or ADEA.  See Hallett v. N.Y. State Dep't of Corr. Servs., 109
F. Supp. 2d 190, 199 (S.D.N.Y. 2000) (ADA); Yaba v. Roosevelt,
961 F. Supp. 611, 616 (S.D.N.Y. 1997) (Title VII); Falbaum v.
Pomerantz, 891 F. Supp. 986, 991 (S.D.N.Y. 1995) (ADEA).

Accordingly, the defendants' motion to dismiss the Title VII, ADA, and ADEA claims against Boursiquot and Goodman as individual defendants is also granted on this basis.

B.

The plaintiff also alleges a violation of the Equal Pay Act. The plaintiff alleges that defendants "targeted" and took "improper deductions" from her pay. Compl. at 5. However, the Equal Pay Act applies to wage discrimination "on the basis of sex." 29 U.S.C. § 206(d)(1); see Ryduchowski v. Port Auth. of N.Y. and N.J., 203 F.3d 135, 142 (2d Cir. 2000). A viable Equal Pay Act claim requires that an employer "pays different wages to employees of the opposite sex." Id. (quoting Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999); see also Morales v. City of N.Y. Dep't of Juvenile Justice, No. 10-CIV-829 JGK, 2012 WL 180879, at *7 (S.D.N.Y. Jan. 23, 2012). The plaintiff does not allege that she was paid less than male teachers. Accordingly, the plaintiff has failed to state a claim under the Equal Pay Act.

C.

The plaintiff alleges that the defendants violated New York State and New York City Human Rights Laws. The defendants move to dismiss these claims against the DOE for failure to comply with New York's notice of claim requirements.

New York Education Law provides that "[n]o action . . . for
any cause whatever . . . shall be prosecuted or maintained
against any school district" unless the plaintiff alleges that
"a written verified claim upon which such action or special
proceeding is founded was presented to the governing body of
said district or school within three months after the accrual of
such claim."  N.Y. Educ. Law § 3813.  The notice of claim under
§ 3813 must satisfy the requirements of N.Y. Gen. Municipal Law
§ 50-e, which requires statements of both "the nature of the
claim" and "the time when, the place where and the manner in
which the claim arose."  Marino v. Chester Union Free Sch.
Dist., 859 F. Supp. 2d 566, 570 (S.D.N.Y. 2012); see also
Berkowitz v. E. Ramapo Cent. Sch. Dist., 932 F. Supp. 2d 513,
527 (S.D.N.Y. 2013).

"[T]he failure to serve the proper public body with a
notice of claim is a fatal defect mandating dismissal of th[e]
action."  Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 973
F. Supp. 2d 386, 411 (S.D.N.Y. 2013) (internal quotation
omitted); see also Gym Door Repairs, Inc. v. Young Equip. Sales,
Inc., No. 15-CIV-4244 JGK, 2016 WL 4747281, at *22 (S.D.N.Y.
Sept. 12, 2016).  An EEOC charge can suffice as a substitute for
a notice of claim in limited circumstances where "the charge
puts the school district on notice of the precise claims
alleged, is served on the governing board of the district (and

8

not a different arm of the district), and is served within the statutory time period." See, e.g., Brtalik v. S. Huntington Union Free Sch. Dist., No. CV-10-0010, 2010 WL 3958430, at *5 (E.D.N.Y. Oct. 6, 2010).

Here, the plaintiff alleges only the date that she filed the EEOC charge. She does not allege that the EEOC charge provided the required notice. She also does not allege that she served the notice on the governing arm of the district, much less that she did so within three months of the time that her claims accrued. Accordingly, the plaintiff does not meet statutory notice of claim requirements, and all state law claims again the DOE are dismissed.

D.

Moreover, the plaintiff has not alleged any facts to support a claim of racial, religious, national origin, age, disability, or gender discrimination under federal or state law. The plaintiff has failed to allege any facts to support her conclusory allegation of a hostile work environment. Moreover, the plaintiff has failed to allege any facts to support her conclusory allegations that she was discriminated against "because of" her race, religion, national origin, age, disability, or gender as required by the language of the statutes. See 42 U.S.C. §§ 12112-17, 2000e-e(17); 29 U.S.C. §§ 621-34; N.Y. Exec. Law §§ 290-97; N.Y.C. Admin. Code §§ 8(101-

31).  Therefore, the plaintiff's claims must be dismissed
because the plaintiff has failed to allege any facts to support
such claims.  See Brodt v. City of New York, 4 F. Supp. 3d 562,
571 (S.D.N.Y. 2014) (dismissing Title VII discrimination claim
because no inference of discrimination could be drawn); Higgins
v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 191 (S.D.N.Y. 2011)
(same); Khaleel v. Metro One Loss Prevention Servs. Grps., 469
F. Supp. 2d 130, 133 (S.D.N.Y. 2007); see also Yajaira Bezares
C., 2014 WL 2134600, at *5.

CONCLUSION

     The Court has considered all of the arguments raised by the
parties.  To the extent not specifically addressed, the
arguments are either moot or without merit.  For the foregoing
reasons, the defendants' motion to dismiss is **granted** and the
complaint is **dismissed**.  The Clerk is directed to enter judgment
and to close the case.  The Clerk is also directed to close all
pending motions.

SO ORDERED.

**Dated:**     **New York, New York**
          **October 19, 2016**                _____/s/_____
                                                **John G. Koeltl**
                                        **United States District Judge**

10